## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

LAWRENCE M. GARNER, CHRISTOPHER GARNER,
AND  WILLIAM KAUPUS,

      Plaintiffs,                              Case No.
                                                HON:

v.

CITY OF ROSEVILLE, GLENN SEXTON,
RODNEY BROWNING, AND JOHN DOES #1-11,

      Defendants.

_____

THE LAW OFFICES OF AARON D. COX, PLLC
Aaron D. Cox (P69346)
Andrew T. Strahan (P69694)
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664

MARK K. WASVARY, P.C.
Mark K. Wasvary (P51575)
Attorney for the Plaintiff
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
248-649-5667

_____

## <u>CLASS-ACTION COMPLAINT</u>

      LAWRENCE M. GARNER, CHRISTOPHER GARNER, AND WILLIAM

KAUPUS, and all others similarly situated, state for this Complaint as follows:

1

# I.   PARTIES

1.   LAWRENCE M. GARNER is a resident of the State of Michigan and the resident agent for Garner Properties & Management, LLC, which was established in 2006 as a full service property management company and since that time has provided such services to hundreds of owners of rental property., including those with such properties in the City of Roseville.  Mr. Garner is also listed as the "responsible local agent" for many owners of non-owner-occupied housing in the City of Roseville. He brings this class action on behalf of himself and all other resident agents and responsible local agents connected to non-owner occupied properties and who have been threatened, accused, charged, and/or prosecuted for various misdemeanor violations of Roseville's codes pertaining to the rental of non-owner occupied property.

2.   CHRISTOPHER GARNER is also a resident of the State of Michigan and the managing member for Garner Properties & Management, LLC.  Mr. Garner is also listed as the "responsible local agent" for many owners of non-owner-occupied housing in the City of Roseville and he brings this class action on behalf of himself and all other resident agents and responsible local agents connected to non-owner occupied properties and who have been threatened, accused, charged, and/or prosecuted for various misdemeanor violations of Roseville's codes pertaining to the rental of non-owner occupied property.

3.     WILLIAM KAUPUS is a resident of the State of Michigan and manager of Summit Consulting Services, LLC, which is a property management company providing services to owners of residential real property, including such properties in the City of Roseville. Mr. Kaupus is also listed as the "responsible local agent" for many owners of non-owner-occupied housing in the City of Roseville. He brings this class action on behalf of himself and all other resident agents and responsible local agents connected to non-owner occupied properties and who have been threatened, accused, charged, and/or prosecuted for various misdemeanor violations of Roseville's codes pertaining to the rental of non-owner occupied property.

4.     The City of Roseville is a municipal corporation located in Macomb County and is the municipal actor ultimately responsible for instituting and enforcing laws and codes pertaining to rental property within its borders and for implementing or otherwise condoning the customs, policies, and practices complained of herein.  It has delegated the primary authority for doing so to the City of Roseville Building Department and its various officials, agents, and employees.

5.     Glenn Sexton is the Director of the Building Department and is the person with final policy-making authority regarding enforcement of the laws and codes pertaining to rental property and the person who has implemented or

otherwise condoned the customs, policies, and practices complained of herein. At all relevant times, he acted under color of state law or otherwise well-beyond the scope of his employment duties. As such, he is being sued in both his official and individual capacities.

6.     Rodney Browning is a Rental Inspector in the Building Department. At all relevant times, he acted under color of state law and pursuant to certain unconstitutional customs, policies, and practices or otherwise well-beyond the scope of his employment duties. As such, he is being sued in both his official and individual capacities.

7.     John Does # 1-11 are unknown officials, agents, or employees of the Roseville Building Department complicit in the formulation of the unconstitutional customs, policies, and practices complained about herein.  At all relevant times, they too either acted under color of state law and pursuant to certain unconstitutional customs, policies, and practices or otherwise well-beyond their scope of employment duties. As such, they are also being sued in both their official and individual capacities.

## II.     JURISDICTION AND VENUE

8.     Plaintiff incorporates the preceding paragraphs.

9.     Jurisdiction over Plaintiff's federal constitutional claims is proper pursuant to 28 USC § 1343, and 28 USC § 1331, and 1983

10.     Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 USC § 1367.

11.     Venue is proper in this District pursuant to 28 USC § 1391 because the District is where the Plaintiffs and Defendants reside and where the events, acts, and omissions giving rise to Plaintiff's claims occurred.

12.     For the same reasons, this District will remain the most convenient venue in which all future cases can be considered and consolidated as necessary as additional Class Plaintiffs are identified.

## III.     NATURE OF THE ACTION

13.     Plaintiffs incorporate the preceding paragraphs.

14.     This action is brought on behalf of a class of persons who are not owners of non-owner occupied property, but instead are secondary players who have nonetheless been threatened, accused, charged, prosecuted, and forced to take on criminal and monetary responsibility for alleged violations of Roseville's codes pertaining to non-owner occupied property.

15.      On grounds of federal law, Plaintiffs and the rest of the proposed class challenge several facial aspects of Roseville's codes as well as their specific application to them. Pursuant to 42 USC 1983 and 1985, they seek declaratory and other equitable relief to redress violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

16.     On state law grounds, Plaintiffs and the proposed class seek similar relief under theories of defamation, malicious prosecution, abuse of process, and assumpsit/unjust enrichment.

17.     Chapter 202 of the Roseville Code of Ordinances pertains specifically to "Non-Owner-Occupied Housing" and Section 202-4 provides that "No person shall lease, rent or cause to be occupied a housing unit required to be registered and/or housing unless there is a valid certificate of compliance issued by the City of Roseville Department of Buildings and Inspection in the name of the owners(s)/responsible local agent issued for the specific housing property or housing unit."

18.     Section 202-9 supplies the penalty for a violation of Section 202-4 and provides that "Any owner of non-owner-occupied housing who fails to register his/her property or units or who fails to obtain a certificate of compliance for each property or unit . . . shall be punished as provided in Chapter 1, General Provisions, Article I." Chapter 1, Article I, Section 1-8 makes failure to obtain a certificate of compliance a misdemeanor crime punishable by a fine not exceeding $500, 93 days in jail, or both.

19.     On or about February 14, 2014 the City of Roseville issued a misdemeanor criminal violation to Lawrence M. Garner, charging him with a crime for failure to obtain a certificate of compliance pursuant to the above referenced

ordinances.

20.     On the face of the ticket issued to Mr. Garner the City specifically admits in its notes that Mr. Garner is just the resident agent of Garner Properties & Management, LLC.

21.     Garner Properties & Management, LLC is not and has never been the "owner" of the property referenced in the criminal charge issued against Lawrence M. Garner.

22.     The City lacked any probable cause to believe that Mr. Garner was the owner of the property referenced in the ticket to Mr. Garner.

23.     The City lacked any probable cause to believe that Mr. Garner – a mere resident agent for a corporate entity – aided or abetted the owner of the referenced property in violating the City's ordinances.

24.     Mr. Garner is a 78 year old business man who has spent his lifetime building up his reputation as an ethical, law-abiding citizen. Mr. Garner is active in his church and numerous local civic organizations. Facing criminal charges for something he did not do, he was forced to accept the prosecutor's proposal to reduce the charge to a civil infraction in order to guarantee that his record would not be tarnished. Accordingly, Mr. Garner was forced to pay the City of Roseville a fine for something he did not do.

25.     Similarly to Mr. Garner's experiences, William Kaupus was

previously listed as the resident agent of several corporate entities including Rudalev, LLC, Rudalev II, LLC, and Summit Consulting Services.

26.     Mr. Kaupus, like Mr. Garner, has been charged criminally by the City of Roseville on numerous occasions for the alleged criminal conduct of owners of real property in the City of Roseville renting property without obtaining a certificate of compliance.

27.     Mr. Kaupus, like Mr. Garner, has been forced on numerous occasions to accept plea agreements to civil infractions and pay numerous fines in order to avoid the possibility of these misdemeanor allegations being placed on his record.

28.     What's worse for Mr. Kaupus is that on numerous occasions criminal charges were not served on him but rather mailed to a corporate address. As such, Mr. Kaupus frequently failed to receive notifications of any pending charges and has had bench warrants issued for his arrest stemming from these unconstitutional charges.

29.     Numerous other non-owners of non-owner-occupied rental properties have gone through similar experiences, whether with the assistance of counsel or not, and as a result have also been forced to pay to get themselves out of criminal liability despite there being a lack of probable cause to believe they had committed misdemeanor violations in the first place.

## IV.     FEDERAL CAUSES OF ACTION

<u>**COUNT ONE**</u>
**VIOLATION OF FOURTEENTH AMENDMENT**

30.     Plaintiffs incorporate the preceding paragraphs.

31.     The Fourteenth Amendment to the U.S. Constitution guarantees that life, liberty, and property will not be deprived without due process of law.

32.     Plaintiffs have a right to a good reputation and to engage in their chosen occupations and more generally a right to enjoy privileges long recognized as essential to the orderly pursuit of happiness by free men, including the right not to be prosecuted without probable cause to believe they have committed a crime.

33.     Defendants have had a long standing and firmly established procedure of prosecuting groundless criminal actions against non-owners of non-owner occupied housing in order to harass them and force them out of business. In other words, despite the plain language of Section 202-4, they charge everyone other than the "owner" because the owner is typically some out-of-state or foreign investor.

34.     As set forth above, The City of Roseville has been successful in extracting thousands of dollars from honest citizens such as Plaintiffs by subverting their own ordinances and the Constitutions of the State of Michigan and United States.

35.     As a direct and proximate result of these baseless prosecutions, Plaintiffs and numerous others have and will continue to suffer economic damages.

## COUNT TWO
## VIOLATION OF FOURTH AMENDMENT

36.     Plaintiffs incorporate the preceding paragraphs.

37.     The Fourth Amendment to the U.S. Constitution forbids malicious prosecution, including wrongful investigations, prosecutions, convictions, and incarceration.

38.     Numerous criminal prosecutions have been initiated against Plaintiffs and the Defendants made, influenced, or participated in the decision to prosecute.

39.     There was no probable cause for any of the criminal prosecutions because Plaintiffs were not the owners of the non-owner occupied properties.

40.     As a consequence of the legal proceedings, Plaintiffs have suffered deprivations of life, liberty, and property.

41.     The criminal proceedings brought against Plaintiffs have all been resolved in favor of the Plaintiffs, either by outright dismissal of the charges or through pleading the criminal charges down to civil infractions requiring the payment of a fine.

42.     To the extent any of these criminal proceedings were resolved by Plaintiffs in favor of Defendant, they were done so under the threat of deprivation of liberty and the threat of being labeled a convicted criminal by the court system and society as a whole.

43.     As a direct and proximate result of these baseless and malicious

prosecutions, Plaintiffs and numerous others have and will continue to suffer economic damages.

## COUNT THREE
## VIOLATION OF FIRST AMENDMENT

44.     Plaintiffs incorporate the preceding paragraphs.

45.     The First Amendment to the U.S. Constitution guarantees freedoms concerning expression, assembly, and the right to petition the government.

46.     Plaintiffs have engaged in conduct protected by the First Amendment by speaking out in opposition to and by challenging Roseville and its interpretation and enforcement of its Codes.

47.     Adverse action, including but not limited to instituting proceedings and issuing fines and penalties, has been taken against Plaintiffs to the point that it and other persons of ordinary firmness have been deterred from continuing to engage in conduct protected by the First Amendment.

48.     The adverse actions taken by Roseville and its Code Officials were motivated at least in part by Plaintiffs' exercise of conduct protected by the First Amendment.

49.     Plaintiffs and numerous others have suffered monetary and other damages as a direct result of Roseville's retaliation against them for their exercise of their First Amendment rights.

## COUNT FOUR

## VIOLATION OF 42 USC 1983

50.     Plaintiffs incorporate the preceding paragraphs.

51.     Plaintiffs and the class of those similarly situated have procedural due process rights to not be charged with crimes without probable cause to support it.

52.     Plaintiffs and the class of those similarly situated have otherwise had their First Amendment and Fourth Amendment rights violated as set forth above.

53.     Despite these rights, Defendant's customs and policies violated those rights as set forth above.

54.     As set forth above, Roseville and its Code Officials then proceeded to prosecute Plaintiffs and collect fines and fees from them, and those similarly situated, in violation of their constitutional rights.

55.     Roseville and its Code Officials have deprived Plaintiffs and numerous others within the city of property and constitutional rights related thereto and are liable pursuant to 42 USC 1983.

56.     Pursuant to 42 USC 1988, in any action or proceeding to enforce Section 1983 the Court may allow the prevailing party a reasonable attorney fee as part of the costs of this action.

## COUNT FOUR
## MUNICIPAL LIABILITY

57.     Plaintiffs incorporate the preceding paragraphs.

58.     The City of Roseville has an illegal official policy of charging non-

owners of non-owner occupied rental property or have otherwise acted pursuant to unofficial customs, policies, or practices of tolerating and acquiescing in federal rights violations.

59.     Such policies have been instituted through and ratified by Glenn Sexton in his capacity as head of the Building Department and executed by Rodney Browning and other unknown John Does.

60.     Such policies have been instituted as set forth above when the City of Roseville and its officials either knew, or should have known of the blatant violation of applicable laws.

## COUNT FIVE
## INJUNCTIVE RELIEF

61.     Plaintiffs incorporate the preceding paragraphs.

62.     Roseville, on its own and through its Code Officials, continues to issue and enforce criminal violations against non-owners.

63.     Unchecked, Roseville will continue to issue criminal tickets to Plaintiffs and numerous others similarly situated for failing to comply with alleged violations, failed inspections, and deficiency reports under the IPMC that are illegally issued and administered. As such, Roseville will continue to reap an illegal windfall for continuing to violate clearly established constitutional rights.

64.     Given these circumstances, the losses to Plaintiffs and other non-owners of rental property in Roseville are imminent and as such Plaintiffs request

injunctive relief and an order stopping Roseville and its Code Officials from their illegal and unconstitutional practices.

## V. STATE CAUSES OF ACTION

### <u>COUNT SIX</u>
### MALICIOUS PROSECUTION

65.     Plaintiffs incorporate the preceding paragraphs.

66.     Roseville and its Code Officials have instituted numerous proceedings against Plaintiffs and other property managers and non-owners.

67.     Many of those proceedings were terminated in favor of Plaintiffs and non-owners.

68.     There was an absence of probable cause for all of those proceedings as Roseville's own ordinance is limited to the Owner of the property and excludes any non-owner.

69.     The primary purpose for those proceedings was for malicious reasons other than those of genuinely bringing Plaintiffs and numerous others to justice.

70.     The primary purpose for naming non-owners in these criminal violations is for Roseville to circumvent the United States and Michigan Constitutions and applicable due process.

71.     Plaintiffs and numerous others have suffered monetary and other damages as a direct result of Roseville's malicious prosecutions.

72.     Plaintiffs and numerous others are entitled to trebled statutory

damages of any verdict pursuant to MCL 600.2907 and a statutory award of at least $200.00 per occurrence.

## COUNT SEVEN
## ABUSE OF PROCESS

73.     Plaintiffs incorporate the preceding paragraphs.

74.     Roseville has instituted numerous proceedings against Plaintiffs and other non-owners of real property for ulterior purposes.

75.     Roseville's ordinances, and the United States and Michigan Constitutions prohibit attempting to hold another accountable for someone else's criminal conduct. Roseville's implementation and enforcement of their rental registration ordinances was found to be difficult to do in a just and lawful manner. Rather than abide by its own laws, the laws of the United States Constitution, and the laws of the State of Michigan Constitution, Roseville has a policy and practice of issuing criminal violations to non-owners of property within its City in a blatant shortcut to compel compliance.

76.     Roseville is willfully using the valid process of Michigan's 39th District Court to obtain a result the law did not intend.

77.     Roseville has an ulterior motive for prosecuting non-owners of rental property because prosecuting the true owners would be too burdensome.

78.     Roseville's conduct as set forth is an abuse of process.

79.      Plaintiffs and numerous others have suffered monetary and other

damages as a direct result of Roseville's abuse of process.

## COUNT EIGHT
## ASSUMPSIT/UNJUST ENRICHMENT/RESTITUTION

80.     Plaintiffs incorporate the preceding paragraphs.

81.     Roseville has been extracting fees and/or penalties from Plaintiffs and those similarly situated by way of denying them procedural and substantive due process, just compensation, and of their rights under the First and Fourth Amendments.

82.     Roseville has been illegally extracting such fees and/or penalties from Plaintiffs through the threat of criminal convictions and deprivation of liberty as set forth above.

83.     Michigan law provides that an assumpsit action may be maintained against a municipality and/or its divisions without regard to government immunity when restitution is being sought for an illegal or inappropriate exaction of money.

84.     Michigan law likewise provides that an action for restitution founded on principles of unjust enrichment may be maintained against a municipality and/or its divisions without regard to government immunity when compensation is sought for an illegal or inappropriate exaction.

85.     Plaintiffs and numerous others have suffered monetary and other damages as a direct result of Roseville and its Code Officials exacting illegal fees, fines, and penalties.

## COUNT NINE
DEFAMATION PER SE

86.     Plaintiffs incorporate by reference the preceding paragraphs.

87.     Defendants made statements concerning the Plaintiffs, and numerous others, that they were criminals by charging Plaintiffs with the crimes referenced above.

88.     Defendants' statements were published to the 39th District Court, which is a public body whose entire records are public to any person who wants to see them.

89.     Defendants were malicious in permitting Plaintiffs to be charged with such crimes and in permitting Plaintiffs to be labeled as criminal offenders. Defendants specifically used the threat of criminal charges and the loss of freedom as an end to their illegal and unconstitutional practices.

90.     Defendants were at a minimum negligent in permitting Plaintiffs to be charged with such crimes and in permitting Plaintiffs to be labeled as criminal offenders.

91.     Labeling Plaintiffs as criminals and alleging that they have engaged in criminal conduct is defamation per se under both common law and codified Michigan law.

92.     Pursuant to MCL 600.2911 Plaintiffs are entitled to damages for Plaintiffs' conduct including attorney's fees.

93.     Plaintiffs have been harmed by damages to their business reputations as a result of Defendants' conduct as set forth above.

## VI.    CLASS ALLEGATIONS

94.     Plaintiffs incorporate the preceding paragraphs.

95.     Plaintiffs and putative class members have suffered and continue to suffer similar harm due to having their property taken by the City without minimum due process and in violation of their First and Fourth Amendment rights. Plaintiffs are further subjected to criminal liability without probable cause and threatened to be classified criminals.

96. Class Definition. Plaintiffs seek to certify the following classes dating back to 6 years from the date of filing this complaint, or such longer applicable period as may be allowed:

A) All persons who do not own real property in the City of Roseville who have been charged criminally instead of the owners of real property who have allegedly violated the City's codes and ordinances; and

B) All persons or entities who have spoken out about or challenged Roseville and its administration and enforcement of its Code only to be ticketed, fined, and forced to defend themselves in criminal proceedings for the conduct of others.

97.     Numerosity.  The proposed classes are so numerous that joinder of all members is impracticable.  While the exact number of class members is not now known, Plaintiffs believe the class number is in excess of 500 members. These

members may be readily identified from Defendant's own records.

98. <u>Commonality.</u> There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

99. Among the questions of law or fact common to the class are the following:

a) Did Roseville continually and systematically press criminal charges against non-owners of real property in violation of its own ordinances, the State of Michigan Constitution, and the U.S. Constitution?

b) Did Roseville continually and systematically press criminal charges against non-owners of real property without probable cause that such person committed a crime in violation of the State of Michigan Constitution, and the U.S. Constitution?

c) Did Roseville violate the first amendment rights of Plaintiffs by retaliating against them with criminal charges for speaking out about Roseville's improper practices?

100. <u>Typicality.</u> The harm suffered by Plaintiffs is typical of the harm suffered by other class members differing only in amount. Accordingly, the claims of Plaintiffs are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendants to Plaintiffs and

the class members in general. Thus, the claims properly form the basis for class treatment in this case.

101. Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant.

102. <u>Adequacy of Representation.</u> The represented parties will fairly and adequately assert and protect the interest of the class. Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and they have no known conflicts with the class members.

103. Plaintiff's co-counsel will also fairly and adequately represent the interest of the class. Attorney Mark K. Wasvary is well versed in the facts and substantive law underlying the Plaintiff's claims and has previously been certified to represent a class in three other class actions lawsuits brought in this Court and against municipalities. Likewise, The Law Offices of Aaron D. Cox, PLLC is well versed in the facts and substantive law underlying the Plaintiffs' claims having two attorneys with more than seven years of real estate and general litigation experience and who have litigated aspects of the GPTA and due process before the State Courts of Michigan. Andrew T. Strahan also has prior experience litigating causes of action in federal court arising under 42 USC § 1983 and in which the Plaintiffs sought redress for constitutional violations.

104. This class action is maintainable under Federal Rule of Civil Procedure 23(b).

105. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b) The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

106. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the class as a whole. Specifically, Defendants have and continue to deprive non-owners of non-owner-

occupied property of their legal and constitutional rights as set forth herein.

107.    The questions of law or fact common to class members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

108.    The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

109.    In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

110.    It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

111.    Plaintiffs are not aware of any members of the proposed class that have filed similar litigation nor are Plaintiffs aware of any pending similar litigation in which Roseville is a Defendant.

112.    The class action is the appropriate method for the fair and efficient adjudication of the controversy.  The legal and factual bases for the Plaintiffs' claims are the same as for the claims of all class members.  The only difference

between individual claims is the severity of the harm and resulting damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps hundreds) turning on the same questions of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendants the burden of defending multiple suits in multiple forums.

## VII.   RELIEF REQUESTED

WHEREFORE, Plaintiffs request the following relief:

A.     That this action be determined as proper to be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b), together with an order appointing the named Plaintiffs to represent the class and subclass and certifying Plaintiffs' counsel to represent the class and subclass;

B.     An award of damages, including all applicable interest, in an amount to be determined at trial;

C.     An award of costs of this suit, including reasonable attorney's fees, as provided by 42 USC § 1983 and 1988, or on other grounds;

D.     An award of an incentive fee to the named Plaintiffs for having the

courage to come forward and challenge the City and the manner in which it wrongfully enforces its Code; and/or

      F.      Any other relief as necessary to redress the violation of Plaintiff's rights as secured by the Constitution and laws of the State of Michigan.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury on all claims and issues so triable.

Respectfully submitted by:

THE LAW OFFICES OF AARON D. COX, PLLC
Aaron D. Cox (P69346)
Andrew T. Strahan (P69694)
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664

<u>/s/ Aaron D. Cox</u>
By: Aaron D. Cox (P69346)
aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

<u>/s/ Mark K. Wasvary</u>
By: Mark K. Wasvary (P51575)
mark@wasvarylaw.com