UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE M. GARNER, et al.,

    Plaintiffs,

v.

CITY OF ROSEVILLE, et al.,

    Defendants.

_____/

Case No. 16-10760
Honorable Victoria A. Roberts

## **FINAL APPROVAL ORDER AND JUDGMENT**

This matter is before the Court on: (1) the unopposed motion for final approval of the class action settlement by plaintiffs – Lawrence M. Garner, Christopher Garner, William Kaupus, Cordia Michigan, LLC, Rudalev I, LLC, and Garner Properties & Management, LLC ("Plaintiffs") – and City of Roseville, Glenn Sexton, and Rodney Browning ("Defendants"); and (2) Plaintiffs' unopposed motion for attorney fees, costs, and incentive fee. The Court held a final fairness and approval hearing on January 16, 2018. No class members objected.

Plaintiffs' motions for final approval of the class action settlement [Doc. 26] and motion for attorney fees, costs and incentive fee [Doc. 25] are **GRANTED**. Moreover, **IT IS HEREBY ORDERED AND ADJUDGED**:

1.    This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is finally approved as a fair, reasonable and adequate settlement, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class and Sub-Class, collectively referred to as "Settlement Class" is defined as follows:

> <u>Class</u>: All persons and entities who currently own or at one time owned any non-owner occupied residential structures located within the City of Roseville who or which has been issued a misdemeanor ticket for failure to obtain a Certificate of Compliance under the City's Non-Owner-Occupied Housing Ordinance, and subsequently paid a fine at any time since January 1, 2010 through December 15, 2016.
>
> <u>Sub-Class</u>: All persons and entities who were not owners of non-owner occupied residential structures located within the City of Roseville, yet were issued a misdemeanor ticket for failure to obtain a Certificate of Compliance under the City's Non-Owner-Occupied Housing Ordinance from January 1, 2010 through December 15, 2016.

Excluded from the Settlement Class are Defendants, including any and all of their parents, subsidiaries, affiliates or controlled persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants and the immediate family members of such persons. Class counsel is excluded as well.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances; it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. Upon the Affidavit of Carlito H. Young, the Court finds that notice was given to appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. No objections were received.

8. No persons validly requested exclusion from the Settlement Class and the settlement.

9. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery given Defendants' ability to pay; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, the Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement is APPROVED and governs all issues regarding the

settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified in Paragraph 3 above) is bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendants created a settlement fund (the "Settlement Fund") of $150,000.00 to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiffs as determined and awarded by this Court. Unclaimed monies in the Settlement Fund must revert to Defendants.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who or which submits a timely and valid Claim Form will be mailed a check for their *pro rata* share of the Settlement Fund. Each member of the Sub-Class who or which submits a timely and valid Claim Form will be mailed a check for $350.00, in addition to their *pro rata* share of the Settlement Fund, if any. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance. The Court allows the claim of Teri Bade per agreement of the parties.

12. As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $50,000.00 plus out-of-pocket expenses in the amount of $4,569.43. Those amounts shall be paid from the Settlement Fund when the Final Approval Order becomes final as those terms are defined in the Settlement Agreement. Attorney fees and costs shall be paid directly to the Law Offices of Aaron D. Cox, PLLC. Any balance due to the Claims Administrator may be paid directly to the Claims Administrator.

13. As agreed between the parties, the Court approves a $2,500.00 incentive award each to Lawrence M. Garner, Christopher Garner, William Kaupus, Cordia Michigan, LLC, Rudalev I, LLC, and Garner Properties & Management, LLC for serving as Class Representatives. In accordance with the Settlement Agreement, that amount must be paid from the Settlement Fund when the Final Approval Order becomes final as those terms are defined in the Settlement Agreement. Payments must be made directly to each Plaintiff upon presentation of a W 9 form.

14. The Court expressly adopts and incorporates here all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement must carry out their respective obligations under that Agreement.

15. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of

Plaintiffs and all Settlement Class members against Defendants are dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are settled or released, either directly or indirectly, against Defendants, in this Court or any other court or forum.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement will be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment will be void and deemed vacated.

18. The Court retains jurisdiction for 180 days to determine all matters relating in any way to this Final Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their

administration, implementation, interpretation or enforcement. The Court also retains jurisdiction to enforce this Order and the Settlement Agreement.

19. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: January 16, 2018